791 P.2d 26

**William Franklin WOLFE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 17766.

Court of Appeals of Idaho.

March 21, 1990.

Petition for Review Denied
May 24, 1990.

Dee and MacGregor, Grangeville, for petitioner-appellant. Wayne C. MacGregor, argued.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., argued, Boise, for respondent.

CAREY, Judge Pro Tem.

This is an appeal from a denial of postconviction relief. The order of the trial court is affirmed.

William Wolfe was convicted of first degree murder and sentenced to a fixed term of life imprisonment. Mr. Wolfe's judgment of conviction and sentence were affirmed on direct appeal. *State v. Wolfe*, 107 Idaho 676, 691 P.2d 1291 (Ct.App.1984). The trial court denied two subsequent applications for post-conviction relief, but this Court remanded the matter for an evidentiary hearing on three specific factual issues relating to claimed ineffective assistance of counsel. *Wolfe v. State*, 113 Idaho 337, 743 P.2d 990 (Ct.App.1987) (review denied). The trial court held an evidentiary hearing and again denied relief. In this appeal, Mr. Wolfe claims that evidence produced at the post-conviction hearing demonstrated that he was denied effective assistance of counsel during trial. He also claims that the trial court abused its discretion in personally examining two witnesses and erred in denying his motion for summary disposition.

The case involves the 1982 shooting death of Mr. Wolfe's friend, Scott Gold, outside the Silver Dollar Bar in Stites, Ida-

ho. At trial, the state presented evidence from an eyewitness to the killing and from other witnesses who observed Mr. Wolfe's conduct immediately preceding the homicide. Mr. Wolfe never suggested that someone else killed Mr. Gold; rather, he based his defense on the theory that he was too intoxicated at the time of the shooting to form the requisite intent for first degree murder.

## STANDARDS OF REVIEW

An application for post-conviction relief is a special proceeding that is civil in nature. *Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986). The applicant must prove the allegations upon which the application is based by a preponderance of the evidence. *Pierce v. State*, 109 Idaho 1018, 712 P.2d 719 (Ct.App.1985). A finding by the trial court that the applicant has not met his burden of proof is entitled to great weight and will not be disturbed on appeal unless it is clearly erroneous. I.R.C.P. 52(a); *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988).

To establish a violation of the constitutional right to effective assistance of counsel, the applicant must show that his attorney's performance was deficient and that the deficient performance so prejudiced his defense as to deprive him of a fair trial. Deficient performance requires proof that the attorney's representation fell below an objective standard of reasonableness. Prejudice requires proof of a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). Because deficient performance and prejudice involve mixed questions of fact and law, appellate courts defer to findings of fact based on substantial evidence but exercise free review of the application of the law to the facts. *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989). Strategic and tactical decisions by the trial attorney will not be second-guessed unless the evidence shows that they were based on inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review. *Id.*

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Wolfe's claim of ineffective assistance of counsel involves failure to call two defense witnesses at trial and inadequate pretrial investigation of the background of a state's witness.

■ Mr. Wolfe's first argument concerns his trial attorney's failure to call Susan Pence as a witness. According to Mr. Wolfe, Ms. Pence would have testified that Tom Thomas, the state's eyewitness to the killing, was inside the bar when the fatal shot was fired. Consequently, he could not have seen the killing which took place outside the bar.

Ms. Pence had been called as a defense witness at the preliminary hearing. Her testimony on that occasion was emotional and equivocal; at times she said that Mr. Thomas was inside the bar and at other times she said she could not remember where he was. At the post-conviction hearing her recollection of the event continued to be uncertain.

Mr. Wolfe's trial attorney, a practicing lawyer since 1949, testified that Ms. Pence would have made a poor defense witness at trial because of her emotional state and because of the inconsistencies in her prior testimony. He believed that the ambivalent nature of her recollection might lead the jury to conclude that his client had no defense to the charge. Consequently he made an informed decision not to call her as a witness. The trial court found that the attorney's decision not to call Ms. Pence was a proper exercise of sound trial tactics. The finding was based on substantial evidence and will not be disturbed.

■ Mr. Wolfe next contends that his trial attorney's failure to call Don Green as a witness constituted ineffective assistance of counsel. Mr. Green was a taxi operator who drove Mr. Wolfe from Lewiston to Stites shortly before the killing. Mr. Wolfe alleges that Mr. Green would have known

that Mr. Wolfe drank a fifth of whiskey during the trip and was thoroughly intoxicated by the time he arrived in Stites.

At the post-conviction hearing the trial attorney testified that he never interviewed Mr. Green, raising a possible inference of deficient performance. There is, however, no evidence of the content of Mr. Green's testimony had he been called as a witness. At the post-conviction hearing, Mr. Wolfe's new attorney made a deliberate decision not to call Mr. Green and even objected when the state requested a delay to bring the witness before the court. Because there is no record of what Mr. Green would have said had he testified, the trial judge had no basis to evaluate the probability of a different outcome. Instead he reached the only correct decision: the applicant failed to prove that his case was prejudiced by the failure to call Mr. Green at trial.

■ Finally, Mr. Wolfe contends that his trial attorney's failure to investigate the background of Jim Fletcher, a witness for the state, constituted ineffective assistance of counsel. Mr. Fletcher was an eyewitness to Mr. Wolfe's state of intoxication on the night of the shooting. He contradicted the defense theory of inability to form intent, testifying that Mr. Wolfe was merely "in the early stages of intoxication." He based his opinion on his own observations that Mr. Wolfe neither staggered nor slurred his speech.

According to Mr. Wolfe, the jury might have given undue credence to this opinion because Mr. Fletcher testified that he had two years experience as a drug and alcohol counselor at Gem Haven detoxification center in Boise. At the post-conviction hearing, Mr. Wolfe presented evidence from Colleen Bird, the director of Gem Haven. She testified that Mr. Fletcher was not a certified drug and alcohol counselor and that he had worked at Gem Haven only as a cook and as a counselor trainee. She denied that Mr. Fletcher ever worked as a counselor.

Ms. Bird's testimony was contradicted, however, in several respects. First, at the time Mr. Fletcher was employed at Gem Haven and at the time of the murder trial,

Idaho had no laws requiring certification or licensing of persons employed as drug or alcohol counselors. Second, Ms. Bird wrote a letter of recommendation for Mr. Fletcher in 1981 in which she acknowledged that he had "worked as a full fledged counselor prior to his leaving our agency." Third, Mr. Fletcher testified at the post-conviction hearing about his background, training, and experience. In summary, he said that as of the trial date he was a recovering alcoholic, he had completed two and one-half years of college courses toward a degree in social work, he had trained as a counselor at Gem Haven for approximately one year, and he thereafter had worked as a counselor at Gem Haven. He readily admitted that his original job title at Gem Haven was "cook." He explained, however, that he had been given that title because it was the only way Gem Haven could obtain state funding for his position.

Based on the conflicting evidence, the trial court found that Mr. Fletcher had testified truthfully when he said he was a drug and alcohol counselor, thus rendering an inquiry into the sufficiency of the trial attorney's investigation of his background moot. The finding on this issue is supported by substantial evidence, although it leaves a residual question of exactly how long Mr. Fletcher worked as a counselor. Nonetheless, even assuming that his counseling employment lasted less than two years, such a discrepancy would raise no reasonable probability of a different verdict. Consequently, Mr. Wolfe suffered no prejudice, even if his attorney did make an inadequate investigation of the witness's background.

## WITNESS INTERROGATION BY THE COURT

Mr. Wolfe argues that the trial court improperly injected itself into the post-conviction proceedings by conducting its own interrogation of Ms. Pence and Ms. Bird.

■ Trial judges are authorized by rule to interrogate witnesses. I.R.E., Rule 614(b). It is vital that they be allowed to ask questions for clarification and for gath-

ering information during hearings in which they act as fact finders. Compare, *State v. Lankford*, 116 Idaho 860, 781 P.2d 197 (1989). Here, a review of the post-conviction hearing transcript shows that the judge was attempting to clarify the testimony of the witnesses and to ascertain the bases of their information. Contrary to Mr. Wolfe's suggestion, he did not take over the function of prosecutor. The court did not err in the manner in which it conducted its interrogation.

## SUMMARY DISPOSITION

Finally, Mr. Wolfe contends that the trial court incorrectly denied his motion for summary disposition. The clerk's record shows that Mr. Wolfe never filed a written motion for summary disposition. His attorney, however, orally moved in open court for summary disposition pursuant to I.C. § 19-4906(c) on the day set for the evidentiary hearing, relying on the fact that the state had incorporated in its answer a motion for summary disposition. Neither the state's written motion nor Mr. Wolfe's oral motion had been noticed or set for hearing. After listening to arguments, the trial court declined to grant either side a summary disposition and proceeded with a hearing on the merits.

A motion for summary disposition is the procedural equivalent of a motion for summary judgment. *See Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Rules and statutes applicable in civil proceedings generally are available to parties involved in post-conviction applications. I.C. § 19-4907(a). Motions for summary judgment must be filed at least sixty days before trial or within seven days of the order setting the case for trial, whichever date comes later. I.R.C.P. 56(a), (b). The motion, together with supporting affidavits and brief, must be served on the opposing party at least twenty-eight days before the time set for hearing. I.R.C.P. 56(c). The purposes of the time requirements in Rule 56 are twofold: to give the opposing party an adequate opportunity to respond and to give the court an adequate opportunity to make a reasoned decision.

It is not necessary to decide whether the time standards applicable to summary judgment motions necessarily apply to all aspects of post-conviction motions for summary disposition. See, *e.g.*, I.C. § 19-4906(b). At the very least the non-moving party is entitled to reasonable notice. Mr. Wolfe's tactic of arguing for summary disposition on the day of trial gave the state and the court no notice whatsoever. The court acted properly in denying the motion.

Mr. Wolfe contends that he was prejudiced in having to go forward with an evidentiary hearing instead of receiving summary disposition, because the state's responsive pleading contained only a general denial and included no affidavits. The argument has no merit. The state is not required to submit affidavits with its answer. I.C. § 19-4906(a). The rules of civil procedure provide a variety of discovery tools, including pretrial depositions of witnesses. I.R.C.P., Rules 26-37. Mr. Wolfe chose not to pursue any discovery other than to make a demand six days before hearing for "copies of any and all ... affidavits...." I.R.C.P., Rule 34(a). The state produced no affidavits because it had no affidavits. Mr. Wolfe framed the issues with his application for post-conviction relief, and he picked his method of obtaining discovery. He may not now complain that he did not know what the state would present as evidence.

The order of the district court, denying Mr. Wolfe's applications for post-conviction relief, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.