824 P.2d 188

**Trung Quang NGUYEN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19186.**

Court of Appeals of Idaho.

Jan. 9, 1992.

Stewart A. Morris, Boise, for petitioner-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Following the entry of defendant's guilty plea to the charge of robbery under I.C. § 18–6501, the district court sentenced Trung Quang Nguyen to a term of five to fifteen years in the custody of the Board of Correction. Trung unsuccessfully pursued an I.C.R. 35 motion for reduction of his sentence, then filed a petition for post-conviction relief on April 6, 1990, alleging ineffective assistance of counsel at sentencing. Trung contended that, because of the difficulties he had communicating with his attorney, his representation was impaired, and he was denied the effective assistance of counsel. The district court denied the post-conviction relief after an evidentiary hearing and dismissed the petition. We affirm.

■ In a post-conviction relief hearing, the petitioner has the burden of proving the allegations which entitle him to relief by a preponderance of the evidence. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing, the district court's decision will not be disturbed on appeal. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). Because post-conviction relief proceedings are civil in nature, findings of fact of the court will not be set aside on appeal unless clearly erroneous. *Id.* at 313, 659 P.2d at 984; I.R.C.P. 52(a).

Trung contends that the district court erred in denying his post-conviction petition because the communication between Trung and his counsel was inadequate, due to a language barrier, to such an extent that he was deprived of his right to the effective assistance of counsel. Essentially, Trung challenges the district court's finding that he sufficiently understood English, the critical finding which allowed the district court to reject Trung's claim of ineffective assistance.

At the evidentiary hearing on the post-conviction petition, Trung testified to the problems created by his lack of English skills by enumerating inaccuracies contained in the presentence report relating to his educational background, his membership in a gang and his prior record. He also argued that his counsel at sentencing had failed to present evidence in mitigation because he did not have all the pertinent facts—once again due to Trung being unable to fully express himself in English. The language difficulty was the only basis for the claim of ineffective assistance which was argued, although the petition itself contained other allegations that were not addressed at the hearing.

■ To establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show *both* deficient performance and resulting prejudice. *Storm v. State*, 112 Idaho 718, 721, 735 P.2d 1029, 1032 (1987). Principally, Trung disputed that he had ever been advised by his counsel that he could have an interpreter if he needed one. He testified at the hearing that although he had met with his counsel numerous times, counsel failed to sufficiently explain to him the details of his case. In support of this contention, he pointed to inaccuracies in the presentence report which he claims his counsel would have identified had he discussed the report with Trung through an interpreter.

The attorney who represented Trung at sentencing, however, testified that he had advised Trung throughout the proceedings that an interpreter was available and that Trung had expressly rejected any need for an interpreter. He also testified that Trung had conversed readily with him in English in their various meetings, including a conference where they reviewed the presentence report. Counsel also testified that an interpreter was present to translate at each of the court proceedings in Trung's case.

As to the particular "inaccuracies" in the presentence report which Trung raised, the record reflects that defense counsel at sentencing indeed refuted allegations of Trung's involvement with a gang and that the judge did not consider Trung's prior juvenile record in setting the sentence. The presentence investigator testified that

Trung had completed a lengthy questionnaire in English which he claimed to understand with the exception of a few long words. The investigator also testified that Trung had no difficulty communicating in English, and after verifying information which Trung had provided, concluded that Trung had not been completely truthful, not that Trung had misunderstood.

Following the evidentiary hearing, the district court found that Trung sufficiently understood English. Giving due regard to the special opportunity of the court to evaluate the credibility of those witnesses who appear personally before it, we hold that the finding by the court was not clearly erroneous. *See Holmes v. State,* 104 Idaho at 313, 658 P.2d at 984.

In concluding that Trung had not suffered the ineffective assistance of counsel, the district court implicitly found that Trung had failed to show by a preponderance of the evidence that his counsel's performance was deficient and prejudicial at Trung's sentencing. There has been no factual showing that Trung was prejudiced by his counsel's efforts to communicate with Trung in the face of an alleged language barrier between them. Without evidence of prejudice resulting from counsel's activity or lack thereof, relief cannot be granted upon allegedly inadequate assistance of counsel. *Drapeau v. State,* 103 Idaho 612, 615, 651 P.2d 546, 549 (Ct.App. 1982). To the contrary, there was substantial and competent evidence to support the court's finding that Trung was not entitled to post-conviction relief on this point. We affirm the district court's order dismissing Trung's application for post-conviction relief.

WALTERS, C.J., and SILAK, J., concur.