887 P.2d 39

**Trung Quang NGUYEN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21058.**

Court of Appeals of Idaho.

Nov. 29, 1994.

Petition for Review Denied Jan. 19, 1995.

John M. Adams, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for respondent.

PERRY, Judge.

This is an appeal from an order of the district court denying relief on Trung Nguyen's second post-conviction application. In 1989, Nguyen pled guilty to robbery and a five to fifteen-year sentence was imposed. He did not directly appeal the conviction and sentence but filed a motion for I.C.R. 35 relief, which was denied. He then challenged his conviction and sentence by means of an application for post-conviction relief, which was also denied. The denial was affirmed on appeal. *Nguyen v. State*, 121 Idaho 257, 824 P.2d 188 (Ct.App.1992). In this appeal, we affirm the district court's denial of post-conviction relief sought by Nguyen's second application which was filed in 1993.

The state filed a motion to dismiss Nguyen's second application for post-conviction relief. The district court conducted a hearing on the state's motion. The state argued that only one post-conviction application is provided for by the Uniform Post–Conviction Procedure Act and that all of the issues Nguyen was attempting to raise in his second application should have been raised in his original application.

The district court concluded that Nguyen's claim that his counsel in the first post-conviction proceeding rendered ineffective assistance was not a claim that could be redressed by a subsequent post-conviction proceeding. As to his remaining claims, the district court determined that waiver operated to bar those claims because Nguyen had failed to assert the same in his first post-conviction application. Based upon these conclusions, the district court denied Nguyen's requested relief.

As correctly noted by the district court, *Wolfe v. State*, 113 Idaho 337, 743 P.2d 990 (Ct.App.1987), resolved the question of whether a claim of ineffectiveness of counsel on an initial application for post-conviction relief may be raised as a basis for relief in a subsequent or successive application. The *Wolfe* court held that the ineffectiveness of such counsel is not among the permissible grounds for filing another post-conviction re-

lief application under I.C. § 19–4901. *Id.* at 339, 743 P.2d at 992. Nevertheless, the court in *Wolfe* recognized that:

> This does not mean that all is lost for the applicant who fails, as a result of alleged ineffective representation, to present fully his grounds for post-conviction relief. Rather, as noted, he may file another application setting forth such grounds more fully and he will be entitled to relief if "the court finds a ground ... which for sufficient reason was not asserted or was inadequately raised in the original supplemental or amended application." I.C. § 19–4908. To be sure, this language permits an inquiry into why the applicant's attorney on the first application did not fully present his client's grounds for relief. However, the ultimate focus of the proceeding would remain, as it should, on whether the second application has raised not merely a question of counsel's performance but substantive grounds for relief from the conviction and sentence.

*Id.* Adopting the approach followed in *Wolfe*, we examine the claims raised by Nguyen to determine whether he has set forth any "ground for relief ... which for sufficient reason was not asserted or was inadequately raised in the original ... application." I.C. § 19–4908.

■ In his second application, Nguyen claimed that counsel who represented him through the entry of his guilty plea and sentencing, as well as the attorney appointed to represent him during his first post-conviction proceedings, had rendered ineffective assistance. Nguyen alleged that his trial counsel was ineffective on account of a language barrier between counsel and himself, and because of counsel's failure to point out errors in the presentence report, which led to an excessive sentence. At oral argument before this Court, Nguyen's present counsel conceded that these issues relating to trial counsel's performance had been raised and adjudicated in the prior appeal. Accordingly, we will not discuss these claims further. *See Palmer v. Dermitt*, 102 Idaho 591, 595, 635 P.2d 955, 959 (1981).

Nguyen also alleged that his counsel in the initial post-conviction proceedings was ineffective by failing to challenge Nguyen's underlying conviction for robbery. He claimed specifically that counsel had failed to assert that the conviction was based on an unlawful arrest and on an illegally obtained confession. On these grounds, therefore, Nguyen asserted that he was entitled to post-conviction relief.

■ An application for post-conviction relief is a special proceeding, civil in nature and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *State v. Bearshield,* 104 Idaho 676, 662 P.2d 548 (1983); *Hays v. State,* 113 Idaho 736, 747 P.2d 758 (Ct.App.1987). An applicant for post-conviction relief bears the burden of proving, by a preponderance of the evidence, the allegations on which the application is based. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). *See also Wolfe v. State,* 117 Idaho 645, 791 P.2d 26 (Ct.App.1990).

■ To qualify for an evidentiary hearing, the applicant must tender a factual showing based on evidence admissible at the hearing that would entitle him to relief. *LaBarge v. State,* 116 Idaho 936, 938, 782 P.2d 59, 61 (Ct.App.1989), *citing Drapeau v. State,* 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App. 1982). Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle an applicant to an evidentiary hearing. *King v. State,* 114 Idaho 442, 757 P.2d 705 (Ct.App.1988).

■ Nguyen's second application was drafted pro se and was not amended or supplemented once counsel was appointed to represent him. The allegations asserted therein, without supporting affidavits based upon otherwise verifiable information, cannot be a basis for post-conviction relief. *See Drapeau v. State,* 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982). Nguyen has presented no evidence of any facts showing that his arrest and confession were unlawful or facts showing that his counsel was ineffective for failing to raise these issues in the first post-conviction proceeding. In this regard, we conclude that Nguyen has not alleged facts which, if true, would entitle him to relief. *Whitehawk v. State,* 116 Idaho 831, 780 P.2d 153 (Ct.App.1989).

■ We also reject Nguyen's argument on appeal contending that *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981), entitles him to a hearing on his claim of ineffectiveness of his first post-conviction counsel. In *Palmer,* the Idaho Supreme Court overturned the district court's conclusion that waiver operated to bar consideration of issues not raised in Palmer's first application for post-conviction relief. Because Palmer alleged that those claims had been included in his first application, but later omitted by counsel without Palmer's knowledge—which was deemed ineffective assistance—the Supreme Court remanded for an evidentiary hearing. Here, Nguyen's allegations regarding an unlawful arrest and an illegally obtained confession were raised for the first time in his second application. His allegations are conclusory and assert no facts indicating that counsel in the first post-conviction knew of, but failed to raise before the trial court, these alleged defects affecting Nguyen's plea. In fact, read literally, Nguyen's second application appears to challenge counsel's failure to raise these issues during the appeal stage of the first application. Nonetheless, Nguyen has not presented evidence that his counsel on the first application was deficient in failing to raise these claims.

Finally, Nguyen asserted in his second application that his counsel's conduct in not petitioning the Supreme Court for review of the Court of Appeals' opinion was ineffective assistance. Nguyen claimed that he was prejudiced by counsel's failure to file a petition for review from the Court of Appeals' opinion affirming the denial of his initial post-conviction application. According to Nguyen, the prejudice he suffered was loss of the opportunity to have his federal habeas corpus petition considered on its merits, rather than dismissed for failure to exhaust state remedies.

■ This issue, which relates to the ineffective assistance of his counsel in the appeal stage of his initial post-conviction application, is not an appropriate ground for relief

under I.C. § 19–4901(a). The statutory scheme of the Uniform Post–Conviction Procedure Act is designed to deal with challenges to allegedly improper convictions and sentences, not collateral attacks upon other post-conviction proceedings. *Lee v. State,* 122 Idaho 196, 197, 832 P.2d 1131, 1132 (1992); *Wolfe v. State,* 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct.App.1987).

In summary, we hold that the district court did not err in dismissing Nguyen's claim requesting relief for the alleged ineffective assistance of his counsel in the first post-conviction application. As to those claims which the district court held were waived, Nguyen has not presented evidence of "sufficient reason" why they were not asserted or were inadequately raised in the original application. *See King v. State,* 114 Idaho 442, 445, 757 P.2d 705, 708 (Ct.App. 1988). We affirm the district court's order denying the second application for post-conviction relief.

LANSING, J., concurs.

WALTERS, Chief Judge, specially concurring.

I concur in the foregoing opinion, but would point out that Nguyen's claims relating to the legality of his arrest and confession are not subjects which could have been raised by a petition for post-conviction relief, due to his plea of guilty and the failure to challenge that plea through a direct appeal from his judgment of conviction. *Walker v. State,* 92 Idaho 517, 446 P.2d 886 (1968); *Maxfield v. State,* 108 Idaho 493, 700 P.2d 115 (Ct.App.1985).