**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35457**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 633 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOEY T. STAKEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

Order summarily dismissing successive application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Joey T. Stakey appeals from the summary dismissal of his successive petition for post-conviction relief.  We affirm.

**I.**

**BACKGROUND**

Stakey pleaded guilty to first-degree arson, I.C. § 18-802, and was sentenced to twenty-five years with ten years fixed.  Prior to sentencing, Stakey underwent a psychological evaluation at the request of defense counsel.  Stakey appealed his sentence but it was dismissed upon motion of his appellate counsel.  Stakey then filed a petition for post-conviction relief making several claims.  The district court summarily dismissed all but one of the claims, the claim of ineffective assistance of counsel on appeal, and reinstated Stakey's right to appeal from his underlying judgment of conviction.  He unsuccessfully appealed the dismissal of his other post-

1

conviction claims and his original sentence. While these appeals were pending, Stakey filed the successive petition for post-conviction relief that is at issue here, which the district court summarily dismissed.

Stakey now appeals that summary dismissal. He argues that he had a sufficient reason for not including his successive petition claims in his initial post-conviction petition, that his successive petition is timely, and that there are genuine issues of material fact concerning the merits of Stakey's successive petition claims that preclude summary dismissal.

## II.

## DISCUSSION

Because we find Stakey has not presented a sufficient reason for not including his successive petition claims in his initial post-conviction petition, we affirm on that basis and need not address his other arguments.

Stakey contends that the deficient representation of his first post-conviction counsel is a sufficient reason for not stating his claims in his initial petition. He states that he attempted to contact counsel during the initial action to include these claims, but that a phone policy change in the prison system beginning on November 1, 2007, barred him from doing so. Stakey also argues that the prison failed to provide current legal materials, so he was unable to find and access *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006) until December of 2007, which "finally articulated what he already knew" and "provided the legal framework" for the claims he wanted his counsel to pursue.

Pursuant to Idaho Code Section 19-4908, an applicant must raise all grounds for relief available to him in his original application for post-conviction relief or waives it. *Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005). However, if a court finds a sufficient reason for not asserting or inadequately raising a ground for relief, the ground may be asserted in a subsequent application. I.C. § 19-4908; *Stuart v. State*, 118 Idaho 932, 933-34, 801 P.2d 1283, 1284-85 (1990); *Nguyen v. State*, 126 Idaho 494, 496, 887 P.2d 39, 41 (Ct. App. 1994). For example, lack of knowledge of the facts giving rise to a post-conviction claim at the time of the initial petition can be a sufficient reason to bring a successive petition. *Stuart*, 118 Idaho at 934, 801 P.2d at 1285. Deficient representation of initial post-conviction counsel can also be a sufficient reason to bring a successive petition, although it cannot be the underlying basis for

2

post-conviction relief. *Baker*, 142 Idaho at 420, 128 P.3d at 957; *Nguyen*, 126 Idaho at 496, 887 P.2d at 41.

Stakey has not shown either deficient representation of his first counsel or any other sufficient reason warranting a successive post-conviction petition. Stakey's claims, that he was not able to contact his attorney due to a change in the prison phone policies and that the prison failed to provide him legal materials, do not implicate counsel's actions in any way, let alone explain how counsel's actions were deficient. Furthermore, even if Stakey were claiming that his inability to contact his attorney and his lack of knowledge concerning the *Estrada* case were sufficient reasons in and of themselves for not raising his claims in his original post-conviction petition, his argument would still fail. First, Stakey's alleged inability to contact his attorney began on November 1, 2007, only one month before the district court rendered it final decision in the post-conviction case and over four years after the initial petition had been filed. However, as Stakey acknowledges on appeal, he "already knew" all of the facts that underlay the new claims before this inability arose. Indeed, the nature of the claims are such that he knew of them when he was sentenced. Therefore, as Stakey waited several years to attempt to convey to counsel a claim he "already knew," his inability to contact his attorney one month prior to the trial court's decision, even if true, is an insufficient reason justifying a successive petition. Stakey's arguments that he could not "articulate" his claims and had no "legal framework" for them before he learned about the *Estrada* decision is unavailing. *Estrada* did not announce a new rule of law, *Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009), and Stakey's ignorance of already-existing law does not amount to a sufficient reason justifying a failure to raise his claims in his first post-conviction action. It is the failure to discover facts, not the unawareness of legal theories, that may in some circumstances delay commencement of a limitation period in post-conviction cases. *Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009); *Swisher v. State*, 129 Idaho 467, 470, 926 P.2d 1314, 1317 (Ct. App. 1996).

As Stakey has not shown a sufficient reason for not stating his claims in his original post-conviction petition, he has waived them by not asserting them in that original petition. Thus, his successive petition was improperly brought and this Court need not address Stakey's other arguments. The district court's order summarily dismissing Stakey's successive post-conviction petition is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

3