**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37147**

| | | |
|---|---|---|
| STEVEN KIM ANDERSON, | ) | 2012 Unpublished Opinion No. 497 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 30, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Steven Kim Anderson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Steven Kim Anderson appeals from the summary dismissal of his successive petition for post-conviction relief. He asserts that the district court erred by dismissing the petition without giving him sufficient notice and without first ruling on his motion for appointment of counsel, and that the district court erroneously concluded that his successive petition was procedurally barred. We affirm.

## I.

## BACKGROUND

Anderson was convicted of aggravated battery after a jury trial, and sentenced to a unified term of fifteen years with seven years determinate. The judgment of conviction and sentence were affirmed in an unpublished decision. *State v. Anderson*, Docket No. 25632 (Ct. App. Feb. 27, 2001). Anderson later filed a petition for post-conviction relief raising a number of issues, including ineffective assistance of counsel and prosecutorial misconduct. The district

1

court granted summary dismissal, and this Court affirmed in an unpublished decision. *Anderson v. State*, Docket Nos. 30079, 30080, 30625 (Ct. App. June 2, 2006).

On August 26, 2006, Anderson filed a successive petition for post-conviction relief asserting: (1) that the prosecutor committed misconduct at trial by knowingly eliciting testimony from a witness, C.B., that was different from C.B.'s prior out-of-court statements; and (2) that trial counsel was ineffective for failing to address the prosecutor's misconduct. The district court appointed counsel and, on September 13, issued notice of intent to dismiss the petition for several reasons, including that the successive petition was untimely because the claims were not raised within a reasonable time of their discovery. Anderson filed an amended petition with the assistance of counsel, asserting that his attorney's failure to raise the claims in his original petition was ineffective assistance of counsel, and the court scheduled an evidentiary hearing. At the hearing--which was not held until March 26, 2009, as the result of multiple continuances-- Anderson's attorney requested to withdraw the amended petition pursuant to her obligations under Idaho Rule of Civil Procedure 11.[1] The court deemed the amended petition withdrawn and reinstated the original petition. Anderson's attorney then stated that she could not continue to represent Anderson because of a breakdown of communication. The Court allowed her to withdraw and stayed the proceedings. The court subsequently appointed new counsel and, on June 9, reissued notice of its intent to dismiss the original petition on the same grounds stated in the original notice. Anderson's new attorney also was permitted to withdraw because of a breakdown of attorney-client communication. Upon permitting Anderson's second attorney to withdraw, the court ruled that "the petition as stated is frivolous, [and] does not warrant appointment of additional counsel." Nevertheless, Anderson filed another motion for

---

[1] Idaho Rule of Civil Procedure 11(a)(1) provides, in part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

appointment of counsel, which the court denied. On November 18, the court again issued notice of intent to dismiss the petition on the same grounds stated in previous two notices.

On May 5, 2010, Anderson refiled a handwritten copy of the amended petition for post-conviction relief which had been filed and withdrawn by Anderson's first counsel, and the court scheduled an evidentiary hearing for August 3. Anderson also filed a renewed motion for appointment of counsel, and the State filed a motion for summary dismissal, asserting that Anderson's successive petition was untimely. The district court granted the State's motion for summary dismissal. Anderson appeals.

## II.

## ANALYSIS

### A.      Standard of Review

A petition for post-conviction relief under the Uniform Post Conviction Procedure Act (UPCPA) is civil in nature. *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007). The petitioner must prove the claims upon which the petition is based by a preponderance of the evidence. *Id.* When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. Idaho Code § 19-4906(b), (c); *Charboneau*, 144 Idaho at 903, 174 P.3d at 873; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). If the petitioner's evidence raises a genuine issue of material fact which, if resolved in his favor, would demonstrate entitlement to relief, summary disposition is not appropriate. *Charboneau*, 144 Idaho at 903, 174 P.3d at 873. Therefore, on review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file, and whether the petitioner's allegations, if true, show a right to relief. *Id*.; *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

All claims for post-conviction relief must be raised in an original, supplemental, or amended application. I.C. § 19-4908. An original application must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902. Successive petitions are impermissible "unless the court finds a ground for relief asserted which

3

for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." I.C. § 19-4908. While Section 19-4908 sets forth no fixed time within which successive petitions may be filed, the "sufficient reason" language in the statute necessarily provides "a reasonable time within which such claims [may be] asserted in a successive post-conviction petition, once those claims are known." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. The determination of what is a reasonable time is considered on a case-by-case basis. *Id.*

## B. Consideration of the State's Motion

We first address Anderson's assertion that the court erred by considering the State's motion to dismiss, which was filed six days before the scheduled evidentiary hearing. Anderson asserts that motion was untimely because it did not comply with the court's scheduling order or applicable rules of civil procedure.[2] Anderson relies on *Wolfe v. State*, 117 Idaho 645, 649, 791 P.2d 26, 30 (Ct. App. 1990). In *Wolfe*, this Court stated:

> A motion for summary disposition is the procedural equivalent of a motion for summary judgment. *See Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct. App. 1987). Rules and statutes applicable in civil proceedings generally are available to parties involved in post-conviction applications. I.C. § 19-4907(a). Motions for summary judgment must be filed at least sixty days before trial or within seven days of the order setting the case for trial, whichever date comes later. I.R.C.P. 56(a), (b). The motion, together with supporting affidavits and brief, must be served on the opposing party at least twenty-eight days before the time set for hearing. I.R.C.P. 56(c). The purposes of the time requirements in Rule 56 are twofold: to give the opposing party an adequate opportunity to respond and to give the court an adequate opportunity to make a reasoned decision.

Here, the district court entered an order on May 24, 2010, scheduling the evidentiary hearing for August 3, 2010. The State's motion for summary judgment was not filed until July 28. Thus, the motion was not filed at least sixty days before the evidentiary hearing or within seven days of the scheduling order. Additionally, Anderson did not receive at least twenty-eight days' notice before the hearing on the motion, which in this case was scheduled for August 3--the same day as the evidentiary hearing. Noncompliance with scheduling or notice

---

[2]     The court entered scheduling orders each time the evidentiary hearing was rescheduled, but none of the orders appear in the record. However, it appears from the transcripts that the court's scheduling orders mirrored I.R.C.P. 56.

requirements of Rule 56 does not require reversal, however, absent a showing of prejudice. *See* I.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Thus, in *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994), we declined to reverse a summary judgment merely because the summary judgment motion and supporting documents were not mailed to the opposing party at least thirty-one days in advance of the hearing as required by I.R.C.P. 56(c) and 6(e)(1). We held that the technical error did not require reversal because the appellants had not demonstrated that, if given additional time, they could have submitted evidence or legal argument that would have prevented the summary judgment against them. *Ponderosa*, 125 Idaho at 317, 870 P.2d at 670. *See also McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 955, 155 P.3d 1189, 1194 (Ct. App. 2006); *In re Estate of Keeven*, 126 Idaho 290, 298, 882 P.2d 457, 465 (Ct. App. 1994). Despite the short notice, Anderson was able to file an eight-page response to the State's motion, replete with numerous citations to authority, before the hearing. Anderson has not asserted that he could have submitted any additional evidence or legal argument if given additional time. Therefore, Anderson has not demonstrated reversible error.

Anderson also asserts that reversal is required because he was not afforded a twenty-day opportunity to reply to the State's motion. When a court issues notice of intent to dismiss a petition, the petitioner "shall be given an opportunity to reply within 20 days to the proposed dismissal." I.C. § 19-4906(b). The purpose of the twenty days' notice is to ensure that the applicant will have an opportunity to challenge an adverse decision before it becomes final. *Baruth v. Gardner*, 110 Idaho 156, 158-59, 715 P.2d 369, 371-72 (Ct. App. 1986); *Gibbs v. State*, 103 Idaho 758, 760, 653 P.2d 813, 815 (Ct. App. 1982). When the State files a motion to dismiss, the petitioner is entitled to a like twenty-day period of time to respond. *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981). Ordinarily, the failure to provide a petitioner with twenty days' notice before entering an order of summary dismissal is ground for reversal. *See Saykhamchone v. State*, 127 Idaho 319, 321-22, 900 P.2d 795, 797-98 (1995); *Buss v. State*, 147 Idaho 514, 518-19, 211 P.3d 123, 127-28 (Ct. App. 2009). Here, however, Anderson actually filed a response to the State's motion before the hearing. Thus, the court did not err when it considered the State's motion during the time scheduled for an evidentiary hearing. Furthermore, Anderson had received notice on numerous occasions that his successive

5

petition was not timely, and therefore was subject to dismissal.  The issue of timeliness was raised in each of the district court's three notices of intent to dismiss the petition, as well as the State's answer.  Therefore, Anderson was well aware of this challenge to his petition and had abundant time to prepare a response to this asserted ground for dismissal.  In these unique circumstances, even if we deemed the failure to provide the full twenty-day-notice period after the State's motion for summary disposition to be erroneous, it was not prejudicial, and therefore would not call for reversal.

## C.      Timeliness of Anderson's Successive Petition

Having concluded that the district court's consideration of the State's motion for summary disposition on shortened notice did not constitute reversible error, we next consider whether the district court correctly concluded that the successive petition was untimely.[3] Anderson asserts that his petition was timely because it was filed within one year of discovering the claims, and alternatively, because it was filed within a reasonable time.  Initially, we note that the parties dispute when Anderson first became aware of the claims raised in his successive petition for post-conviction relief.  Anderson asserts that he first learned of C.B.'s prior inconsistent statements on August 15, 2005, when he watched a recording of a police interview with C.B.  The State contends that Anderson knew or should have known of the prior inconsistent statements well before August 2005.  The district court concluded that Anderson knew of, and even previously litigated, the claims contained in Anderson's successive petition

---

[3]      Anderson also asserts that the district court erred by raising the issue of timeliness of the successive petition *sua sponte* in the notices of the court's intent to dismiss.  Our conclusion here makes it unnecessary to address Anderson's alternative arguments.  We note, however, that Anderson fails to recognize that Idaho Code § 19-4906(b) allows a court to issue notice of intent to dismiss on its own initiative.  Thus, we have previously held:

> The trial court, in determining whether the applicant is not entitled to post-conviction relief, is not limited to defenses pled by the State.  The trial court may issue a notice of its intent to dismiss before the State has filed any response whatsoever to the application.  Accordingly, it is proper for the district court to consider the statute of limitations even if this defense is not raised by the State.  While the statute of limitations can be raised as an affirmative defense by the State pursuant to I.C. § 19-4906(b), it can also be raised sua sponte by the court.  Therefore, the district court acted properly when it sua sponte raised the statute of limitations in regard to Ochieng's application for post-conviction relief.

*State v. Ochieng*, 147 Idaho 621, 625, 213 P.3d 406, 410 (Ct. App. 2009) (citations omitted).

well before 2005, and accordingly dismissed on several grounds including on principles of *res judicata*, and because Anderson's successive petition was untimely. On appeal, Anderson asserts that the claims previously raised in his direct appeal and original post-conviction action involved different witness statements, and that he did not learn of the witness statements discussed in his successive petition until August 2005. From our review of our decisions from Anderson's direct appeal and appeal from the dismissal of his first post-conviction petition, we are unable to determine whether he knew of or previously litigated the precise claims he now raises. In order to fully address whether the claims were known or litigated, it would be necessary to review records from Anderson's trial, direct appeal, and original post-conviction action. However, while the necessary records were apparently before the district court, Anderson has not presented them for review on appeal.[4] Missing portions of an appellate record are presumed to support the decision of the trial court. *Esquivel v. State*, 149 Idaho 255, 258, 233 P.3d 186, 189 (Ct. App. 2010); *State v. Sulez*, 141 Idaho 253, 255, 108 P.3d 400, 402 (Ct. App. 2004); *State v. Longoria*, 133 Idaho 819, 823, 992 P.2d 1219, 1223 (Ct. App. 1999). Applying this presumption, we cannot conclude that the district court incorrectly found that Anderson knew of the claims prior to August 2005, perhaps as early as trial in 1999, or that he previously litigated the claims in his original post-conviction action. However, we need not rest our decision on this presumption alone, because the district court also ruled that even if Anderson did not know of the claims until August 15, 2005, his successive petition was still untimely.

### 1. Within one year

Anderson asserts that his petition was timely because it was filed within one year of August 15, 2005. However, the time requirement for filing a successive petition is not the one-year limit provided by Idaho Code § 19-4902(a). Instead, the correct standard to measure the timeliness of a successive petition was articulated in *Charboneau*, 144 Idaho at 905, 174 P.3d at 875:

> [T]here should be a reasonable time within which such claims [which were not known when the original petition was filed] are asserted in a successive post-conviction petition, once those claims are known. . . . In determining what a

---

[4] Anderson did file a motion to augment the record, but it did not include a request to attach records from his trial, direct appeal, or first post-conviction action.

reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis, as has been done in capital cases.

Thus, the issue is not whether Anderson filed the petition within one year of the discovery of new claims, but whether he filed "within a reasonable time after the claims were known or should have been known." *Pizzuto v. State*, 134 Idaho 793, 797-98, 10 P.3d 742, 747-48 (2000); *accord Fields v. State*, 151 Idaho 18, 25, 253 P.3d 692, 699 (2011); *Stuart v. State*, 149 Idaho 35, 41, 232 P.3d 813, 819 (2010); *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996); *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). The district court correctly applied the reasonable time standard, and concluded that even if Anderson did not discover the claims until he actually viewed the tape on August 15, 2005, his delay of nearly one year was unreasonable.

### 2. Reasonable time

Anderson alternatively argues that his petition was filed within a reasonable time because it was filed approximately two months after this Court released a decision affirming the dismissal of his first post-conviction petition on June 6, 2006, and before the remittitur was issued on March 13, 2007. *See Anderson v. State*, Docket Nos. 30079, 30080, 30625 (Ct. App. June 2, 2006). Anderson asserts that we should measure the timeliness of his successive petition from the conclusion of his prior appeal because petitioners are barred from filing successive petitions until the completion of the appeal from a previous post-conviction action. Anderson draws this proposition from *Schwartz v. State*, 145 Idaho 186, 177 P.3d 400 (Ct. App. 2008), in which this Court stated:

> [I]f an initial post-conviction action was timely filed *and has been concluded*, an inmate may file a subsequent application outside of the one-year limitation period if "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

*Id.* at 189, 177 P.3d at 403 (emphasis added). Anderson incorrectly interprets this statement to mean that a petitioner cannot file a successive petition until the appeal from a prior post-conviction has been concluded. That issue was not addressed in *Schwartz*. The quoted language from *Schwartz* means only that before a petition has been decided by the district court, any modification to the petition or additional claim should be addressed through an amended or supplemental petition, instead of a successive petition. *See id.* (citing I.C. § 19-4908). Once the

district court has issued a final judgment, however, additional claims can be brought only in a successive petition. *See id.* (citing *Charboneau*, 144 Idaho at 904, 174 P.3d at 874). We have never adopted a rule that petitioners are barred from filing a successive petition until the appeal on a prior petition has been concluded, or that the timeliness of a successive petition should be measured from the conclusion of the prior appeal. As discussed above, the correct standard for the timeliness of a successive petition was set forth in *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

Anderson similarly asserts that as part of our analysis under the reasonable time standard, we should consider that a paralegal at the prison informed him that he could not file a successive petition during the pendency of an appeal from an earlier petition. Anderson made the same argument before the district court during a hearing on March 26, 2009. At that time, the court informed Anderson that it intended to issue notice of intent to dismiss his petition, and informed him:

> [Y]ou'll have the 20-day time to review it, analyze it, and submit additional facts.
> Now you need to be aware that what you have told me in court is argument. It's not an affidavit. It's not sworn testimony. And so, if you wish to have that considered, it has to be done in oath, under oath, at some future time, like an affidavit.

Despite the court's explicit instructions, which repeated the requirements of Idaho Code § 19-4903 that a petition must be supported by evidence, Anderson did not file an affidavit or provide other evidence to support the allegation that he had been told he could not file a successive petition during the pendency of the appeal of his previous petition. Because Anderson never provided evidentiary support for this assertion, the district court correctly declined to consider it.

Anderson has not shown a justifiable reason for the approximately one-year delay between his discovery of C.B.'s allegedly inconsistent statements and the filing of his successive petition. We agree with the district court's conclusion that the claims made in Anderson's successive petition for post-conviction relief are barred for failure to bring them within a reasonable time after they were allegedly discovered.[5]

---

[5] It is thus unnecessary to address Anderson's additional argument that the district court erred by concluding that he voluntarily dismissed the ineffective assistance of counsel claim.

**D.    Appointment of Counsel**

Next, Anderson asserts that the district court erred by failing to address his renewed motion for appointment of counsel before dismissing his petition. Idaho Code § 19-4904 gives courts discretion to appoint an attorney for post-conviction petitioners who are unable to pay for the expenses of representation. *Hust v. State*, 147 Idaho 682, 683, 214 P.3d 668, 669 (Ct. App. 2009); *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). Counsel should be appointed if the petitioner qualifies financially and alleges facts to raise the possibility of a valid claim, and a request for counsel may be denied only if all the alleged claims raised in the petition are frivolous. *Charboneau v. State*, 140 Idaho 789, 792-93, 102 P.3d 1108, 1111-12 (2004); *Hust*, 147 Idaho at 684, 214 P.3d at 670. "[A]ny time a district court dismisses a petition for post-conviction relief on either substantive *or* procedural grounds without first addressing the petitioner's request for post-conviction counsel (assuming the petitioner made such a request), the court commits an abuse of discretion." *Hust*, 147 Idaho at 685, 214 P.3d at 671 (emphasis in original); *accord Fox*, 129 Idaho at 885, 934 P.2d at 951; *Swisher v. State*, 129 Idaho 467, 469, 926 P.2d 1314, 1316 (Ct. App. 1996). However, such an abuse of discretion constitutes reversible error only if a petitioner "presents any colorably meritorious claim, the presentation of which might have been enhanced by the assistance of counsel." *Swisher*, 129 Idaho at 469, 926 P.2d at 1316 (holding that failure to address request for counsel on claims unquestionably barred by the statute of limitation is harmless error).

At the hearing, on August 3, 2006, before ruling on the State's motion for summary dismissal, the court effectively denied Anderson's renewed motion for appointment of counsel as follows:

> With respect to the lawyer question, what I would hold is that there have been two lawyers appointed in this case. Both withdrew, were allowed to withdraw for the reasons already expressed in the record. An additional appointment of counsel would not change any of the past--or the facts in this case. The new, or this amended petition, Mr. Anderson has told us, is a handwritten copy of the petition filed by his [first appointed] counsel . . . . So in effect, it was filed . . . with the assistance of counsel.

To the extent that the district court reasoned that Anderson was represented by counsel even though his counsel was permitted to withdraw, we disagree. However, Anderson has not demonstrated that the district court abused its discretion by declining to appoint a third attorney. The district court considered that claims presented in Anderson's petition were procedurally

10

barred, and thus concluded that even with the assistance of counsel, Anderson could not develop the claims to merit relief. Thus, we find no error.

## E.    Prosecutorial Misconduct and Ineffective Assistance of Counsel

Anderson has also argued on appeal the merits of his claims of prosecutorial misconduct and ineffective assistance of counsel, both of which are predicated on alleged inconsistencies between C.B.'s testimony at trial and her prior out-of-court statements. While we do not rest our decision on this ground, we take the opportunity to inform Anderson that we discern no merit in his claims. Even accepting as true Anderson's assertions that C.B. originally told police that Anderson broke her jaw during a physical altercation in the driveway, instead of in the house as she testified at trial, such an inconsistency does not demonstrate that C.B. perjured herself, that the prosecutor elicited false testimony, or that Anderson's trial attorney was ineffective because he did not object to the testimony. First, Anderson incorrectly assumes that we must presume that C.B.'s earlier statements to the police were true and any later inconsistent statements were false. We know of no authority to support such a presumption. While the existence of a prior inconsistent statement may provide fertile ground for the impeachment of a witness, *see* I.R.E. 801(d)(1)(A), it does not necessarily preclude a party from eliciting subsequent contrary testimony. C.B.'s trial testimony may have been slightly different than her earlier statements to the police, but Anderson has not demonstrated that it was false. Second, whether Anderson broke the victim's jaw in the driveway, as she told the police, or in the house, as she testified at trial, is of little importance as the specific location is not an element of the offense. The victim consistently stated that Anderson took her glasses, that she argued with Anderson in the driveway as she attempted to recover her glasses, and that Anderson hit her in the face, breaking her jaw. Third, even if defense counsel could have prevented the admission of C.B.'s testimony that was inconsistent with prior statements, this deficiency was not prejudicial. On direct appeal from his conviction, Anderson asserted that the district court erred by ruling that he could not impeach C.B. with unrelated prior inconsistent statements without opening the door to the admission of his previous criminal history. This Court affirmed, holding that even if the district court's ruling was erroneous, "any such error could not have contributed to the verdict." *See State v. Anderson*, Docket No. 25632 (Ct. App. Feb. 27, 2001). The reasoning for the conclusion of harmlessness is equally applicable to Anderson's post-conviction claims, and thus bears repeating here:

11

The evidence of Anderson's guilt was overwhelming and was not based merely upon C.B.'s testimony. Witnesses observed Anderson and C.B. in a heated argument immediately before the battery and saw him enter the room where the injury occurred. Witnesses who entered the room immediately thereafter saw C.B. lying on the floor, crying and holding her face in pain. Both C.B. and another witness testified that Anderson was wearing some type of fingerless glove on his right hand a few days after the incident. C.B. also testified that Anderson's right hand was swollen, that he complained that her face had injured his hand, and that in a subsequent argument Anderson threatened to break her jaw again if she did not stop screaming. Dr. Mark A. Plant, the surgeon who operated on C.B.'s broken jaw, testified that the injury could not have been caused by a fall on the chin or cheek, and that she must have been struck with a great deal of force by a blunt object, such as a human fist, right below the cheekbone. Finally, there was testimony from witnesses who heard Anderson brag that he had broken C.B.'s jaw.

*Id.* In short, even if C.B. had not been allowed to testify *at all*, there is no reasonable probability that Anderson would have been acquitted of the aggravated battery charge because the State possessed independent and overwhelming evidence of his guilt.

### III.

### CONCLUSION

Anderson has not demonstrated that his successive petition was filed within a reasonable time. Because Anderson's successive petition was time-barred, the district court acted within its decision when it denied Anderson's renewed motion for appointment of counsel. We therefore affirm the dismissal of Anderson's successive petition for post-conviction relief.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

12