780 P.2d 153
**Lyle Edison WHITEHAWK,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17638.**

Court of Appeals of Idaho.

June 29, 1989.

E. Lee Schlender, Hailey, for petitioner-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Lyle Whitehawk appeals from an order of the district court summarily dismissing his application for post-conviction relief. The dispositive issue on appeal is whether the application presented any genuine issues of material fact. We determine such issues do exist. We vacate the order and remand for an evidentiary hearing on the petition.

Whitehawk was originally charged with rape. He was found guilty of that charge in a jury trial but the verdict was set aside by the trial court on the grounds that the jury panel had been improperly selected. A new trial was ordered.

A few days before the new trial was to start, pursuant to a plea agreement, Whitehawk entered a plea of guilty to an amended charge of lewd conduct with a child under the age of sixteen. The court sentenced Whitehawk to an indeterminate sixteen year term. Whitehawk appealed. We affirmed the judgment of conviction, including the sentence, *State v. Whitehawk*, 116 Idaho 827, 780 P.2d 149 (Ct.App.1989) (*Whitehawk I*).

While his direct appeal was pending, Whitehawk filed an application for post-conviction relief. Whitehawk raised numerous grounds for relief stemming from asserted sentencing errors and from the treatment Whitehawk received after he was incarcerated. These grounds were generally denied in an answer filed by the state. This answer contained no motion to dismiss or any allegation that the application failed to raise a genuine issue of material fact. A time was set for a hearing on the application. The state contends that the parties subsequently stipulated to a waiver of the hearing. However, Whitehawk has argued—and we are persuaded by the record to agree—that Whitehawk did not waive his right to an evidentiary hearing, only his right to oral argument on the legal issues submitted to the court. The court then considered the application and issued its memorandum decision. The court found that no genuine issue of material fact existed and determined that the state's denial was sufficient to constitute a request for dismissal. The application was then dismissed under I.C. § 19-4906(c) which states:

> The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

On appeal, Whitehawk argues that the district court erred in disposing of his application without conducting an evidentiary hearing. In particular, he argues: (1) that the summary dismissal was procedurally improper without a motion by the state; (2) that the uncontroverted facts established grounds for relief including the right to be free of cruel and unusual punishment; (3) that the district court failed to consider his mental and physical condition when the court sentenced Whitehawk and when the court denied Whitehawk's application for relief from incarceration; (4) the court erred in concluding that he was a danger to society; and (5) that the imposition of an indeterminate sixteen year sentence was an abuse of discretion.

■ We begin by noting that the scope of post-conviction relief is limited. An application for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). Generally speaking, a claim or issue which

was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.* After an examination of the substance of Whitehawk's application and the issues raised in his direct appeal, we conclude that no reversible error occurred in respect to the dismissal of all but two of the grounds raised in the application. Among the grounds raised by Whitehawk in his application were allegations that his plea agreement was invalid and that the court erred in considering certain evidence for sentencing. These same issues were raised in Whitehawk's direct appeal and have been addressed by this Court in *Whitehawk I.* A convicted defendant may not simply relitigate the same factual questions in his application, in virtually the same factual context already presented in a direct appeal. *Parsons v. State,* 113 Idaho 421, 745 P.2d 300 (Ct.App.1987); *State v. Darbin,* 109 Idaho 516, 708 P.2d 921 (Ct. App.1985).

For the same reasons, we decline to address certain other issues concerning sentencing which were also presented and discussed in the direct appeal. These include the sentencing court's consideration of Whitehawk's mental and physical condition, the conclusion of the court that Whitehawk was a danger to society, and the exercise of discretion in imposing an indeterminate sixteen-year sentence. Moreover, post-conviction relief is not available merely to challenge a judge's exercise of discretion. *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). However, to the extent that an Eighth Amendment ("cruel and unusual punishment") issue is raised, post-conviction proceedings are appropriate. *Id.* Here, we believe Whitehawk has raised such an issue, at least in respect to alleged present conditions of his incarceration.

In summary, we conclude that the grounds for relief properly raised in Whitehawk's application are those concerning his treatment while incarcerated, the questions of whether the Idaho State Board of Correction failed to follow the sentencing court's ordered guidelines for his medical treatment and whether his treatment as a whole constituted cruel and unusual punishment. In his application and supporting affidavit, Whitehawk alleged that he has not been receiving proper medical treatment for his existing physical and mental disabilities.

Whitehawk, the victim of an industrial accident, suffered from partial paralysis and partial blindness, as well as cognitive disabilities which left him functioning neurologically at the level of an eight year old. Whitehawk also suffered from seizures which were controlled by medication. Whitehawk's affidavit contained several specific assertions regarding his medical treatment while incarcerated. He claimed first that the medication administered by the Board of Correction resulted in an improper physical and mental debilitation which precluded his effective participation in therapy or counseling. Second, the medical care requested by him from the available medical staff either was not administered or was ineffective. Third, an attempted modification of Whitehawk's medication was done without the assistance of a neurologist. This contradicted the order of the district court which provided that treatment of Whitehawk would be according to the recommendations of Whitehawk's physician, who requested supervision of a neurologist during the change of Whitehawk's medication. Fourth, because of the effects of the improperly administered medication, Whitehawk suffered a fall resulting in severe facial and dental injuries. Fifth, Whitehawk contended his vulnerable physical and mental character make him unable to defend himself and in turn a candidate for victimization in a prison environment.

An application for post-conviction relief initiates a new and independent civil action under which the applicant bears the burden of proof. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). The issue on appeal from the dismissal of an application is whether the application alleges facts which if true would entitle the applicant to relief. *Noel v. State,* 113 Idaho 92, 741 P.2d 728 (Ct.App.1987). However, when the allegations fail to frame a genuine issue of material fact, the court may summarily dispose

of the application. *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987).

Here, the allegations contained in Whitehawk's application were controverted by the state through general denials contained in the state's answer. Of course, this denial does not mean that we can no longer view the allegations as true. The denial does not really change our analysis. We merely recognize that factual issues exist as to those allegations which are denied. The legal question which still must be addressed is whether *any* of the allegations, disputed or not, set forth facts which, if found to be true, would entitle the applicant to some relief.

■ After a consideration of the record we conclude that the district court erred in its grant of summary dismissal. It is apparent from Whitehawk's affidavit and other items in the record, including a letter from the Board of Correction commenting on Whitehawk's incarceration conditions, that genuine issues of fact exist which require an evidentiary hearing. These include the numerous allegations of improper or inadequate medical treatment for Whitehawk's debilitated mental and physical condition. These questions must be resolved before a determination of whether Whitehawk's alleged grounds warrant post-conviction relief from the sentence requiring, in effect, a five-year minimum period of incarceration. *See* former I.C. § 20-223.

The order of the district court dismissing the application for post-conviction relief is vacated. The case is remanded to the district court with instructions to hold an evidentiary hearing on the limited grounds properly asserted by Whitehawk in his application.

BURNETT, J., and HART, J., pro tem., concur.