IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36893

| ALAN LEE BRANDT, | ) | 2011 Unpublished Opinion No. 726 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 1, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order dismissing application for post-conviction relief, affirmed.

Alan Lee Brandt, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Alan Lee Brandt appeals from the district court's summary dismissal of his application for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Brandt pled guilty to nine counts of robbery and six counts of using a firearm in the commission of a crime. The district court imposed what amounts to a determinate sentence of life plus fifty-five years in the aggregate. This Court affirmed the sentences. *See State v. Brandt,* Docket No. 33991 (Ct. App. May 19, 2008) (unpublished).

Brandt timely filed a pro se application for post-conviction relief alleging a violation of his right to due process, ineffective assistance of counsel, and breach of a plea agreement. The district court entered an order denying Brandt's request for post-conviction counsel and giving Brandt notice of its intent to dismiss the application on the ground that there was no basis set forth in the application, as a matter of law, that pertained to post-conviction relief. The court

1

gave Brandt twenty days in which to file an amended application. Brandt failed to do so and the court dismissed his application. Brandt timely appealed.

In his original appellate brief, Brandt argued that the district court failed to give him adequate notice of the deficiencies in his application before dismissing it, and also appeared to argue that he presented a genuine issue of material fact entitling him to an evidentiary hearing as to each of his claims. On the State's motion, the Idaho Supreme Court remanded the case to the district court to consider Brandt's request for appointment of counsel and the claims alleged in his application.

On remand, the district court appointed counsel to represent Brandt in the post-conviction proceedings. The State thereafter filed a motion for summary dismissal. The district court held a hearing on the motion and addressed three claims. In the first claim, Brandt argued that a confession which he made was coerced and involuntary because of use of religion and other improper methods, and because the statements were made after promises of prosecution in federal court, not state court. The second claim asserted ineffective assistance of counsel in waiving a preliminary hearing, which claim was tied to the suppression of the confession as well as plea and sentencing negotiations. The third claim alleged a breach of a plea agreement for a fixed life sentence, when Brandt was actually sentenced to fixed life plus fifty-five years. The district court indicated that the first two claims would be dismissed, but gave Brandt twenty days to provide additional evidence to support these claims. The third claim was ordered dismissed because the sentencing was expressly left open to the discretion of the district court and Brandt was aware of that fact at sentencing. Brandt failed to submit any additional evidence in support of his post-conviction claims, and the district court entered an order dismissing the claims.

The Idaho Supreme Court subsequently entered an order reinstating the proceedings on appeal and allowing Brandt to file a revised appellant's brief. Brandt filed his revised brief, challenging the dismissal of his claim of ineffective assistance of trial counsel and also arguing a due process violation resulting from the alleged ineffective assistance of post-conviction counsel. After the revised brief was filed, additional transcripts were ordered augmented into the record. The State filed a brief noting a lack of factual or legal support in Brandt's revised brief. Thereafter, Brandt filed a lengthy reply brief raising numerous claims.

DISCUSSION

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate,

however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Ridgley*, 148 Idaho at

676, 227 P.3d at 930. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman,* 129 Idaho at 526, 927 P.2d at 916.

Brandt raises numerous issues in his reply brief regarding irregularities in the post-conviction court proceedings. While we need not address issues raised for the first time in an appellant's reply brief, we have reviewed the record in this case and find no error or abuse of discretion by the district court in the conduct of the proceedings below. Brandt asserts that the district court failed to allow him to speak during the hearing; however, he was represented by counsel. He claims that the district court erred in failing to grant a continuance or consider his motion regarding lack of communication with counsel. However, the court engaged in an extended dialogue with Brandt and his counsel about preparedness and proceeding with the hearing. He contends that he wished to call witnesses, but the hearing was not an evidentiary hearing, only a hearing on the State's motion for summary dismissal. He also asserts that the district court failed to control the bailiff, who allegedly asked Brandt if the case involved sex crimes which, even if true, did not affect the hearing.

Next, the majority of Brandt's briefing alleges a host of failures on the part of post-conviction counsel. There is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings. *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly-asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *see also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct.

App. 1999). Therefore, to the extent Brandt alleges his post-conviction counsel was ineffective, his allegations are improper.

In his reply brief, Brandt appears to raise several claims relating to ineffective assistance of trial counsel, including failure to object to the arraignment until the facts and law were known, failure to review interrogation interviews, failure to secure strategy to have the case prosecuted in federal court, failure to communicate with Brandt, and failure to challenge his confession due to the use of religion manipulation and instilling false hope of promises being fulfilled. To the extent these issues were not raised and considered in the district court, they may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Moreover, as to issues that are not supported by authority, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). To the extent, however, the issues are related to the three issues addressed by the district court, they are included in the analysis below.

As noted, the district court addressed and dismissed three claims. Regarding whether the confession was improperly obtained, the district court determined that the claim could have been raised on direct appeal. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). An application for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-833, 780 P.2d 153, 154-155 (Ct. App. 1989). We agree with the district court that to the extent this claim is raised outside the context of ineffective assistance of counsel, it should have been raised on direct appeal. The district court further stated that, in the context of ineffective assistance of counsel, even assuming the record contained facts which would support the claim that a confession was improperly obtained, Brandt failed to allege facts as to how the outcome of the proceeding would have been different. Upon our review of the record, Brandt has failed to provide sufficient facts regarding either prong of the *Strickland* standard. The record fails to reveal sufficient evidence to determine that counsel's performance was deficient. Brandt's claim that his confession was brought on by improper religious coercion and false promises regarding prosecution in federal court is unsupported by specific facts or admissible evidence that would move such assertions beyond bare and conclusory allegations. *See Roman,* 125 Idaho at 649, 873 P.2d at 903. Also, as the district court found, Brandt has

6

failed to identify facts that would support a determination that the outcome of the proceedings would have been different.

The district court held that Brandt had failed to support his claim that counsel was ineffective by waiving a preliminary hearing. As noted, to the extent this claim was tied to the issue of challenging the confession, it was addressed above. At the hearing before the district court, Brandt contended that if the offer at the preliminary hearing was fixed life, then the preliminary hearing should not have been waived and the State put to its proof. He asserted that the State might, then, reduce the offer to something less than fixed life. Nothing in the record takes these arguments out of the realm of speculation. Again, as specifically found by the district court, Brandt failed to demonstrate prejudice from any ineffective assistance of counsel in the waiver of the preliminary hearing.

Finally, the district court dismissed Brandt's claim that a plea agreement had been breached. Brandt contended that the prosecutor offered a fixed life sentence if he would waive the preliminary hearing and Brandt waived the preliminary hearing. Brandt asserted that the prosecutor asked for more time than fixed life at the sentencing hearing and Brandt was sentenced to fixed life plus fifty-five years. Despite these events, Brandt subsequently entered a guilty plea and sentencing was left open. Thus, no breach of an agreement occurred, even if Brandt has some other understanding or belief.

### III.
### CONCLUSION

Brandt failed to demonstrate that the district court erred in granting summary dismissal of his application for post-conviction relief. Therefore, the district court's order dismissing Brandt's application for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**