IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 37915

| | | |
|---|---|---|
| TONY STOKES, | ) | 2011 Unpublished Opinion No. 750 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 20, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Tony Stokes, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Tony Stokes appeals from the district court's order summarily dismissing his application for post-conviction relief.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Tony Stokes was indicted by a grand jury for one count of lewd conduct with a minor under sixteen and two counts of sexual abuse of a child under sixteen.  Pursuant to a plea agreement, Stokes pled guilty to sexual abuse of a child under sixteen, I.C. § 18-1506, and was sentenced to a unified term of fifteen years, with a minimum period of confinement of three years.

Stokes filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied.  Stokes appealed, contending that the district abused its discretion by imposing an excessive sentence and by denying his Rule 35 motion.  While his case was pending on appeal, the state filed a motion for remand and statement in support thereof in order for

1

Stokes to be re-sentenced before a different judge. The Idaho Supreme Court granted the motion and the case was remanded. The district court issued an amended judgment of conviction and Stokes again was sentenced to a unified term of fifteen years, with a minimum period of confinement of three years. Stokes filed a Rule 35 motion for reduction of sentence, which the district court denied. Stokes again appealed and this Court affirmed in an unpublished opinion. *State v. Stokes*, Docket No. 33337 (Ct. App. Apr. 11, 2008).

Subsequently, Stokes filed a pro se application for post-conviction relief. The district court appointed counsel, who filed an amended application. In his amended application, Stokes asserted that the district court erred in not sua sponte ordering a psychological evaluation and that he received ineffective assistance of counsel because his attorney failed to request a psychological evaluation prior to sentencing. Stokes also alleged that his guilty plea was coerced and that, despite being informed of the coercive guilty plea, the district court failed to question him about whether he wished to withdraw his guilty plea prior to sentencing. The state filed a motion for summary dismissal. At the summary dismissal hearing, Stokes's counsel withdrew the coercive guilty plea claims which had been alleged in the amended application. The district court granted the state's motion for summary dismissal. Stokes appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application

2

must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

### III.

### ANALYSIS

Stokes argues that the district court erred in denying his application for post-conviction relief because he was innocent, he was subjected to violations of the confrontation clause, the state waived its defenses, and he was prejudiced in getting redress on his claims. These claims

3

were not contained in Stokes's amended application and are raised for the first time on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Grounds for post-conviction relief not asserted in the district court will not be addressed on appeal. *See Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998). We, therefore, decline to address these issues on appeal from the summary dismissal of Stokes's application.

Stokes also argues that the district court erred in denying his application for post-conviction relief because it did not provide sufficient notice of its intent to dismiss. Idaho Code Sections 19-4906(b) and (c) provide that notice must be given to an applicant prior to summary dismissal of an application for post-conviction relief. The notice procedures contained in I.C. § 19-4906(b) and (c) provide an applicant an opportunity to respond to a motion for summary dismissal and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss an applicant's post-conviction claims if the court provides the applicant with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the applicant to respond. Pursuant to I.C. § 19-4906(c), the district court may dismiss an applicant's post-conviction claims on the motion of either party. If the state files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the "motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State,* 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

Stokes apparently argues that the district court erred in dismissing his application for post-conviction relief without providing twenty days' notice pursuant to I.C. § 19-4906(b). Stokes appears to assert that, because the district court dismissed his application for post-conviction relief on grounds different than those asserted by the state, the district court was required, pursuant to I.C. § 19-4906(b), to provide him with twenty days' notice. Where "the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days' notice." *Saykhamchone,* 127 Idaho at 322, 900 P.2d at 798. If

4

the district court dismisses on grounds not contained in the state's motion, the applicant has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

The Idaho Supreme Court recently held that, when a district court summarily dismisses a post-conviction application relying in part on the same grounds presented by the state in its motion for summary dismissal, the notice requirement has been met. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). Kelly argued that the district court erred in dismissing his application for post-conviction relief because the state's motion for summary dismissal contained no notice of the grounds on which his claim was dismissed and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the state. The state's motion sought dismissal on the grounds that there was no evidentiary basis to support Kelly's claims and the state supported its conclusion citing extensively from Idaho law. *Id*. at 522, 236 P.3d at 1282. The district court dismissed Kelly's claims on the ground that Kelly did not provide facts sufficient to support his claims. On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses an application for post-conviction relief based in part on the arguments presented by the state, the notice requirements of I.C. § 19-4906(b) are satisfied. *Id*. at 523, 236 P.3d at 1283.

Here, the state moved for dismissal of Stokes's claim that the district court erred by failing to request a psychological evaluation because Stokes should have raised the claim on direct appeal but did not. The state moved for dismissal of Stokes's claim that his counsel was ineffective for failing to requests a psychological evaluation because Stokes failed to present a genuine issue of material fact with regard to the claim. The district court dismissed Stokes's claim regarding the court's failure to sua sponte order a psychological evaluation because Stokes failed to raise the issue on direct appeal. The district court dismissed Stokes's ineffective assistance of counsel claim because Stokes failed to show that a psychological evaluation would have affected his sentence. Thus, the record demonstrates that the district court based its dismissal on the same grounds as those set forth by the state's motion for summary dismissal. Therefore, we hold that the district court did not err in failing to give Stokes twenty days' notice of its intent to dismiss his post-conviction claims.

Stokes also argues that the district court erred in dismissing his application for post-conviction relief without conducting an evidentiary hearing. The district court dismissed

Stokes's claim that the district court erred in not sua sponte ordering a psychological evaluation because the issue could have been raised on direct appeal, but Stokes failed to do so. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). An application for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.; Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). The record demonstrates that Stokes could have raised this issue on direct appeal but failed to do so. Therefore, we hold the district court did not err in summarily dismissing this claim without conducting an evidentiary hearing.

The district court dismissed Stokes's ineffective assistance of counsel claim because Stokes failed to demonstrate that the information contained in a psychological evaluation would have altered his sentence. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). The record demonstrates that Stokes's amended application simply alleged his counsel was ineffective without asserting any material facts which demonstrated he was prejudiced. Stokes did not present any facts which would support the conclusion that his counsel's failure to request a psychological evaluation affected his sentence. Therefore, we hold the district court did not err in summarily dismissing this claim without conducting an evidentiary hearing. The remaining claims found in Stokes's amended application were waived at the summary dismissal hearing.

6

## III.

### CONCLUSION

The district court did not err in summarily dismissing Stokes's application for post-conviction relief without providing twenty days' notice because the district court based its dismissal on the grounds set forth by the state in its motion for summary dismissal. In addition, the district court did not err in summarily dismissing Stokes's application without conducting an evidentiary hearing. Accordingly, the district court's order summarily dismissing Stokes's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**