IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38663

| | | |
|---|---|---|
| **ELUITH S. DELGADO,** | ) | **2012 Unpublished Opinion No. 658** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: October 3, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order summarily dismissing petition for post-conviction relief and denying request for appointment of counsel, <u>affirmed</u>.

Eluith S. Delgado, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Eluith S. Delgado appeals from the district court's dismissal of his petition for post-conviction relief and denial of his request for appointment of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURAL

Delgado pled guilty to first degree kidnapping, Idaho Code § 18-4502. In exchange for his guilty plea, the State dismissed a rape charge and agreed not to seek a habitual offender enhancement. Delgado was sentenced to a unified term of life, with thirty years determinate. Subsequently, Delgado filed an Idaho Criminal Rule 35 motion for reduction of sentence, contending that the district court abused its discretion by imposing an excessive sentence and that the State violated the terms of the plea agreement. The district court denied the motion and

1

this Court affirmed in *State v. Delgado*, Docket No. 34689 (Ct. App. June 19, 2009) (unpublished).

Thereafter, Delgado's defense counsel filed a petition for post-conviction relief contending that: (1) the sentence imposed was for conduct to which Delgado did not plead; (2) the sentencing judge sentenced Delgado for a rape charge that had been dismissed; and (3) the sentence was excessive. The petition also requested the appointment of counsel. The district court denied the appointment of counsel and summarily dismissed the petition, finding no genuine issue of material fact existed. Delgado timely appeals.

## II.

## ANALYSIS

Delgado contends that the district court erred in dismissing his petition. He asserts that the district court improperly denied his request for appointment of counsel. He further contends that he received an illegal sentence and is entitled to an evidentiary hearing.[1]

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the

---

[1]     Delgado contends, for the first time on appeal, that his post-conviction counsel failed to assert an ineffective assistance of counsel claim in his petition, and failed to attach any affidavits or evidence to his petition to substantiate his claims. He further alludes to claims of innocence, invalid plea, lack of intent, and inadequate assistance from appellate counsel. These allegations were not raised in the petition or in the district court and will not be considered further. *See State v. Carlson*, 134 Idaho 389, 398, 3 P.3d 67, 76 (Ct. App. 2000).

petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to

3

relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

**A.      Appointment of Counsel Claim**

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court, and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

4

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Id.* In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Delgado contends that a conflict of interest affected the adequacy of his representation in his post-conviction proceedings and, therefore, the district court improperly denied his request for appointment of counsel. In essence, he claims that since his defense counsel filed the post-conviction petition, the court should have known that he would not raise ineffective assistance of counsel claims. Delgado identifies no specific instances of ineffective assistance he believes existed. The State contends that Delgado never asserted dismissal of counsel or a prima facie claim of conflict of interest. The district court denied appointment of counsel because Delgado failed to offer any specific facts as to the basis of his request, and failed to offer general contentions regarding his inability to represent himself. Further, the district court noted that Delgado's petition was filed by a licensed attorney.

We determine that the district court did not abuse its discretion in denying Delgado's request for appointment of counsel. The record demonstrates that Delgado's petition was filed by his counsel, and that his counsel also filed a response to the court's notice to dismiss. Delgado provided the court with no evidence that his counsel insufficiently represented him. Further, Delgado offered no evidence of his indigency and no evidence of his inability to

represent himself. Therefore, the district court properly denied Delgado's request for appointment of counsel.[2]

**B.      Illegal Sentence Claim**

The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).

Delgado contends that his conduct did not meet the elements of the crime for which he was sentenced. He further alleges that the district court considered a dismissed rape charge when sentencing him. However, the record demonstrates that this Court already determined these issues as a result of an appeal from Delgado's I.C.R. 35 motion. In that appeal, this Court determined that the sentencing court properly considered the circumstances and facts surrounding the kidnapping and properly determined that Delgado was sentenced for the kidnapping only, and not the dismissed rape charge. Therefore, res judicata applies and Delgado cannot reassert such claims in this post-conviction petition.

Delgado also contends, for the first time on appeal, that his sentence is illegal because the district court improperly amended his sentence to include an indeterminate life term. Generally, issues not raised below may not be considered for the first time on appeal. *Yakovac*, 145 Idaho at 446, 180 P.3d, at 485; *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App.

---

[2]      Delgado contends that the Idaho Supreme Court erred by allowing his appointed counsel to withdraw. Delgado offered no authority and essentially no argument on this claim. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Further, Delgado has failed to show impropriety in the Court's decision to allow appointed counsel to withdraw. Delgado has not requested substitute counsel, has not provided reason for the Court to appoint substitute counsel, and has not provided sufficient evidence or law that would demonstrate how substitute counsel would alter his argument.

2009). Delgado failed to raise this issue in his original post-conviction petition; therefore, it is improper.

### III.
### CONCLUSION

Delgado has failed to demonstrate that the district court erred in summarily dismissing his petition or denying his request for counsel. Therefore, the district court's order summarily dismissing Delgado's post-conviction petition and denying his request for appointment of counsel is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**