IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38455

| DONALD SHANE BRINK, | ) | 2012 Unpublished Opinion No. 739 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 27, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Donald Shane Brink, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Donald Shane Brink appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

A jury found Brink guilty of first degree murder with an enhancement for using a deadly weapon, I.C. §§ 18-4001 to -03 and 19-2520, and being a persistent violator, I.C. § 19-2514. The district court sentenced Brink to a unified term of life imprisonment plus thirty years, with a minimum period of confinement of thirty years. In an unpublished opinion, this Court affirmed Brink's judgment of conviction. *State v. Brink*, Docket No. 34391 (Ct. App. Nov. 7, 2008). Brink filed a petition for post-conviction relief and was appointed counsel. The state filed a motion for summary dismissal alleging that Brink's petition was untimely. The district court issued a notice of intent to dismiss. Brink filed documentation showing that his petition had been timely filed. The district court withdrew its notice and denied the state's motion. The state

1

filed a second motion for summary dismissal. The district court granted Brink's motion requesting leave to proceed pro se. Brink filed an amended petition for post-conviction relief. The state filed a third motion for summary dismissal. After hearing oral argument on the state's motion, the district court entered a judgment summarily dismissing Brink's petition. Brink appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715

2

P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.; Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). Also, claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Brink argues that the district court erred by summarily dismissing his petition for post-conviction relief. In his petition, Brink alleged five main claims. We will consider each in turn.

### A.     Ability to Present Affirmative Defenses and Jury Instruction

Brink alleged that he was denied the ability to present the affirmative defenses of justifiable homicide or self-defense at trial. We first note that this claim could have been raised on appeal and, therefore, may not be considered in post-conviction proceedings. Further, this allegation is clearly disproven by the record of the criminal proceedings. Specifically, throughout his criminal case, Brink asserted that he shot the victim either because he was justified in doing so or in self-defense. Brink presented these affirmative defenses through a number of witnesses at trial and also testified as to these defenses. Indeed, this Court noted in our opinion affirming Brink's judgment of conviction that Brink relied on justifiable homicide and self-defense as the foundation of his defense at trial. *See Brink*, Docket No. 34391.

Brink also alleged that the jury was improperly instructed. This claim could have been raised on appeal and, therefore, may not be considered in post-conviction proceedings. Brink set forth several other subclaims under the rubric of jury instructions and his alleged inability to present affirmative defenses. We need not consider Brink's subclaims because they also could have been raised on appeal. However, Brink asserted that his trial counsel and appellate counsel were ineffective for failing "to object to the jury introduction and jury instructions as presented to the jury." A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of

4

the proceedings would have been different. *Id.* at 761, 760 P.2d at 1177. Here, even if Brink's trial or appellate counsel were deficient for failing "to object to the jury introduction and jury instructions as presented to the jury," Brink did not allege facts to establish a reasonable probability that, had counsel done so, the outcome of the proceedings would have been different. Thus, Brink did not present evidence making a prima facie case as to each essential element of these claims and, therefore, such claims were properly dismissed.

## B. Prosecutorial Misconduct

Brink alleged that the prosecutor engaged in several instances of prosecutorial misconduct at trial. We note that this Court considered some of Brink's claims of prosecutorial misconduct in our opinion affirming Brink's judgment of conviction. *See Brink*, Docket No. 34391. Thus, such claims may not be considered in post-conviction proceedings. To the extent that Brink alleged additional claims of prosecutorial misconduct in his petition, such claims could have been raised on appeal and, therefore, may not be considered in post-conviction proceedings. Brink also asserted that his trial counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct at trial and that his appellate counsel was ineffective for failing to raise these issues on appeal. However, even if Brink's trial counsel was deficient for failing to object to the alleged instances of prosecutorial misconduct at trial, Brink did not allege facts to establish a reasonable probability that, had trial counsel done so, the outcome of the proceedings would have been different. Similarly, even if Brink's appellate counsel was deficient for failing to raise all of Brink's allegations of prosecutorial misconduct on appeal, Brink did not allege facts to establish a reasonable probability that, had appellate counsel done so, the outcome of the proceedings would have been different. Thus, Brink did not present evidence making a prima facie case as to each essential element of these claims and, therefore, the claims were properly dismissed.

## C. Lesser Included Offenses

Brink raised a constitutional challenge to the way Idaho presents its jury instruction for consideration of lesser included offenses. Specifically, Brink asserted that instructing the jury that it must first decide that he was not guilty of first degree murder before it could consider any of the lesser included offenses violated due process and denied him a fair trial. We first note that this claim could have been raised on appeal and, therefore, may not be considered in post-conviction proceedings. Idaho Code Section 19-2132(c) provides that "the court shall instruct

the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and has concluded in its deliberations that the defendant is not guilty of each of such greater offenses." The party challenging the constitutionality of a statute must overcome a strong presumption of validity. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). Brink provided no authority in support of his conclusory allegation that I.C. § 19-2132(c) violates either the federal constitution or the Idaho constitution. Therefore, Brink's claim was properly dismissed.

**D.     Expert Witness Testimony**

Brink alleged that he was denied expert witnesses at trial due to errors of the district court. These claims could have been raised on appeal and, therefore, may not be considered in post-conviction proceedings. Brink set forth several other subclaims under the rubric of expert witness testimony. However, we need not consider Brink's subclaims because they also could have been raised on appeal. Brink also alleged that he was denied a fair trial because there was no defense expert witness testimony presented regarding forensic evidence, ballistics, or blood evidence due to ineffective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim based on counsel's failure to procure an expert witness, the accused must assert facts that would have been discovered by additional investigation and should offer expert testimony that would have been produced if the expert had been hired. *Aeschliman v. State*, 132 Idaho 397, 405, 973 P.2d 749, 757 (Ct. App. 1999). Here, Brink speculated that, had he been able to present a forensic expert at trial, he could have proven the distance between Brink and the victim at the time of the shooting. Brink failed to establish the benefit that such expert testimony would have provided and made no proffer as to what an expert would have testified to. Accordingly, even if Brink's counsel was deficient for failing to present expert witness testimony regarding forensic evidence, ballistics or blood evidence, Brink did not alleged facts to establish a reasonable probability that, had counsel done so, the outcome of the proceedings would have been different. Thus, Brink did not present evidence making a prima facie case as to each essential element of this claim and, therefore, such claim was properly dismissed.

**E.     Ineffective Assistance of Counsel**

Brink alleged thirty instances of ineffective assistance of trial and appellate counsel. All of these allegations were conclusory and unsupported by admissible evidence. The district court

was not required to accept such allegations. Additionally, with respect to all of the allegations, Brink failed to allege facts to establish prejudice and, therefore, did not present evidence making a prima facie case as to each essential element of these claims. Thus, the claims were properly dismissed.

## IV.

## CONCLUSION

Brink's claims for post-conviction relief were properly dismissed as either procedurally barred because they were or could have been raised on appeal or because Brink failed to present evidence making a prima facie case as to each essential element of his claims. Therefore, the district court's judgment summarily dismissing Brink's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**